UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

---

MICHAEL JON SIMPSON
PLAINTIFF

VS.

JAMES McPARLIN, et al.
DEFENDANTS

CIVIL ACTION No.:

2004 DEC -3 P 3: 11

U.S. DISTRICT COURT
DISTRICT OF MASS.

## VERIFIED CIVIL COMPLAINT
## WITH JURY TRIAL DEMAND

PURSUANT TO THE PROVISIONS OF FEDERAL LAW, REGARDING THE REMOVAL OF ACTIONS FROM STATE COURT, AND RE-FILING IN U.S. DISTRICT COURT — NAMELY THE AUTHORITY OF TITLE 28 UNITED STATES CODE § 1446, PLAINTIFF IN ABOVE ENTITLED (AND NUMBERED) INSTANT CASE, PETITIONS NOW THIS COURT TO ACCEPT HIS CIVIL ACTION FOR FILING, DUE TO CONSPIRACY AND INTRINSIC AND EXTRINSIC FRAUD IN DENYING HIM HIS REMEDY AT LAW, IN THE STATE COURT BELOW.

### JURISDICTION

JURISDICTION, IS CONFERRED UPON THIS COURT BY TITLE 28 U.S.C. § 1331, § 1343, § 1367, AND § 1446.

### VERIFICATION

THE ATTACHED TWELVE PAGES CONSTITUTE THE ORIGINAL COMPLAINT, FILED IN THE STATE COURT BELOW, HERE AGAIN SIGNED AND MAILED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 25th DAY OF NOVEMBER, 2004.

RESPECTFULLY SUBMITTED, IN PROPRIA PERSONA

Michael Jon Simpson
MICHAEL JON SIMPSON

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| MICHAEL JON SIMPSON<br><br>        Plaintiff<br><br>vs.<br><br>CORRECTIONAL OFFICER<br>JAMES MCPARLIN,<br>LIEUTENANT PETER<br>GARIEPY, and SERGEANT<br>SCOTT PETERSEN<br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED CIVIL COMPLAINT AND JURY DEMAND

Plaintiff, Michael Jon Simpson, brings this civil rights action for money damages against three officers employed at the Massachusetts Correctional Institution Cedar Junction for their roles in assaulting and battering him in violation of his rights under federal and state law.

### THE PARTIES

1.    Plaintiff Michael Jon Simpson ("Mr. Simpson") is a natural person who at all times relevant hereto was incarcerated at the Massachusetts Correction Institute Cedar Junction in Walpole, Massachusetts ("MCI-CJ").

2.    Defendant Correctional Officer James McParlin ("Officer McParlin") at all times

1

relevant hereto was a correctional officer at MCI-CJ and was acting under the color of state law. He is being sued in his individual capacity, as a natural person.

3.    Defendant Lieutenant Peter Gariepy ("Lieutenant Gariepy") at all times relevant hereto was a correctional officer at MCI-CJ and was acting under the color of state law. He is being sued in his individual capacity, as a natural person.

4.    Defendant Sergeant Scott Petersen ("Sergeant Petersen") at all times relevant hereto was a Sergeant at MCI-CJ and was acting under the color of state law. He is being sued in his individual capacity, as a natural person.

## JURISDICTION

5.    This action seeks money damages and is brought under 42 U.S.C. §§ 1983, 1985 and 1988, the Fifth, Eight and Fourteenth Amendments to the United States Constitution, Article XXVI of the Massachusetts Declaration of Rights, M.G.L. c. 12 § 11I and state tort law. TITLE 28 U.S.C. §§'s 1331, 1343, 1367, AND 1446.

## FACTS

6.    On November 27, 2001, at approximately 3:40 p.m., Mr. Simpson left his cell to go to the second tier of his unit for a shower.

7.    At that time, and following standard procedure, Sergeant Petersen was seated at the Officer's desk in the Modular Unit and Officer McParlin was standing inside the Officer's Station, which is enclosed by bulletproof glass.

8.    Mr. Simpson believed Officer McParlin had been tampering with his personal and

2

legal mail and had in the past asked Officer McParlin to stop this practice.

9.      Mr. Simpson had also reported, to members of the MCI-CJ staff, that Officer McParlin was withholding his mail unnecessarily, opening it, reading it and tormenting and harassing him about it.

10.     As Mr. Simpson passed the Officer's Station, he asked Officer McParlin to stop tampering with his mail. Mr. Simpson then proceeded to the shower.

11.     At some point, Sergeant Petersen and Officer McParlin changed stations, so that Sergeant Petersen was in the Officer's Station and Officer McParlin was stationed at the Officer's desk in the unit.

12.     This occurrence was unusual, as Sergeant Petersen's regular station was at the Officer's Desk and Officer McParlin's was in the Officer's Station.

13.     After Officer McParlin and Sergeant Petersen changed places, Officer McParlin proceeded to the second tier.

14.     Just as Mr. Simpson was about to get into the shower, Officer McParlin approached him.

15.     At that point, Mr. Simpson asked Officer McParlin to stop tampering with his mail and Officer McParlin told Mr. Simpson to talk to him when he was done with his shower.

16.     Minutes later, while Mr. Simpson was on his way back to his cell, wearing only scrub pants, flimsy shower shoes, and carrying his dirty clothes, a towel and soap,

3

Officer McParlin got up from the Officer's Desk, where he was then seated, and began to approach Mr. Simpson.

17. Mr. Simpson attempted to avoid Officer McParlin, but Officer McParlin came up behind Mr. Simpson and yelled "why don't you say something now?" and "you rat . . . you snitched me out!"

18. Mr. Simpson responded by telling Officer McParlin that he would institute criminal charges if Officer McParlin did not stop tampering with his mail. Officer McParlin then punched Mr. Simpson in the face and pushed him down on the metal table that was in the middle of the unit.

19. Officer McParlin then knocked Mr. Simpson to the floor, pinned him down and began kneeing and punching him repeatedly.

20. When the other officers noticed the assault, they entered the unit.

21. Officer McParlin had to be pulled off Mr. Simpson. The officers then took both Mr. Simpson and Officer McParlin out of the unit.

22. Once Mr. Simpson was escorted outside the unit, Lieutenant Gariepy further assaulted Mr. Simpson by bashing his head against the cement block wall and pushing another officer out of the way so he could forcibly tightened leg irons around Mr. Simpson's ankles, an action that caused open gashes in both his ankles that bled and caused severe bruising and swelling, which left disfiguring scars.

23. As a result of this beating by Officer McParlin and Lieutenant Gariepy, Mr.

4

Simpson sustained severe bruising to both eyes; a laceration to the orbital of his right eye, which has left him permanently disfigured with a scar above his right eye socket and eyebrow; scleral hemorrhages in both eyes; lacerations to his face; bruising to his chest; lacerations, which left scars and severe bruising and swelling to his ankles; and extreme emotional anguish.

24.    After the incident, Sergeant Petersen wrote and filed an incident report in which he falsely stated that he observed Mr. Simpson "attempt to assault Officer McParlin by raising his fists in a threatening manner.  Officer McParlin then instinctively and in self defense struck inmate Simpson."

## COUNT I: CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983

25.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24 above.

26.    Plaintiff filed an internal grievance with MCI-CJ on December 10, 2001, which was accepted on December 11, 2001 and assigned a grievance number and forwarded to the Superintendent for investigation.  The prison has not taken any action on this grievance report in the nine months since it was filed, which, in effect, constitutes a denial of the grievance.

27.    Defendants McParlin and Gariepy were at all times acting under the color of state law.

28.    Defendants McParlin and Gariepy used force against the plaintiff unnecessarily

5

and wantonly and not for the purpose of maintaining security, but rather to cause pain to a prisoner in their custody.

29. By their actions, defendants deprived the plaintiff of his clearly established right of which a reasonable person would have been aware to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article XXVI of the Massachusetts Declaration of Rights. Plaintiff seeks redress in the form of damages for the injuries set forth herein under 42 U.S.C. §1983.

30. In using cruel and unusual punishment, the defendants acted knowingly, willfully, maliciously, intentionally and sadistically.

31. As a direct and proximate cause of defendants' actions, the plaintiff suffered injuries as are described above.

## COUNT II: CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1983

32. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 above.

33. Plaintiff filed an internal grievance with MCI-CJ on December 10, 2001, which was accepted on December 11, 2001 and assigned a grievance number and forwarded to the Superintendent for investigation. The prison has not taken any action on this grievance report in the nine months since it was filed, which, in

effect, constitutes a denial of the grievance.

34. Defendants Petersen and McParlin were at all times acting under the color of state law.

35. Defendants Petersen and McParlin conspired to allow McParlin to use force against the plaintiff unnecessarily and wantonly and not for the purpose of maintaining security, but rather to cause pain to a prisoner in their custody. Defendants Petersen and McParlin also violated plaintiff's rights by conspiring to falsify the incident report.

36. By their actions, defendants deprived the plaintiff of his clearly established right of which a reasonable person would have been aware to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article XXVI of the Massachusetts Declaration of Rights. Plaintiff seeks redress in the form of damages for the injuries set forth herein under 42 U.S.C. §1983.

37. In conspiring to use cruel and unusual punishment, the defendants acted knowingly, willfully, maliciously, intentionally and sadistically.

38. As a direct and proximate cause of defendants' actions, the plaintiff suffered injuries as are described above.

## COUNT III: CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1985

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38 above.

40. Plaintiff filed an internal grievance with MCI-CJ on December 10, 2001, which was accepted on December 11, 2001 and assigned a grievance number and forwarded to the Superintendent for investigation. The prison has not taken any action on this grievance report in the nine months since it was filed, which, in effect, constitutes a denial of the grievance.

41. Defendants Petersen and McParlin were at all times acting under the color of state law.

42. Defendants Petersen and McParlin conspired to allow McParlin to use force against the plaintiff unnecessarily and wantonly and not for the purpose of maintaining security, but rather to cause pain to a prisoner in their custody. Defendants Petersen and McParlin also violated plaintiff's rights by conspiring to falsify the incident report.

43. By their actions, defendants deprived the plaintiff of his clearly established right of which a reasonable person would have been aware to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article XXVI of the Massachusetts Declaration of Rights.

Plaintiff seeks redress in the form of damages for the injuries set forth herein under 42 U.S.C. §1985.

44.    In conspiring to use cruel and unusual punishment the defendants acted knowingly, willfully, maliciously, intentionally and sadistically.

45.    As a direct and proximate cause of defendants' actions, the plaintiff suffered injuries as are described above.

## COUNT IV: CIVIL RIGHTS VIOLATION UNDER ARTICLE XXVI OF THE DECLARATION OF RIGHTS OF THE MASSACHUSETTS CONSTITUTION

46.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 45 above.

47.    Defendants McParlin and Gariepy used force against the plaintiff unnecessarily and not for the purpose of maintaining security but rather to cause pain to a prisoner in their custody.

48.    By their actions, defendants deprived the plaintiff of his clearly established right of which a reasonable person would have been aware to be free from cruel and unusual punishment.

49.    In using cruel and unusual punishment the defendants acted knowingly, willfully, maliciously, intentionally and sadistically.

50.    As a direct and proximate cause of defendants' actions, the plaintiff suffered injuries as are described above.

## COUNT V: CIVIL RIGHTS VIOLATION UNDER M.G.L. C. 12, § 11I

51.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 50 above.

52.    By abusing their authority as correctional officers and beating and injuring the plaintiff, the defendants McParlin, Gariepy and Petersen engaged in threats, intimidation and coercion in order to deprive the plaintiff of rights, which a reasonable person would have known were clearly established by the Constitution of the United States, by the Massachusetts Declaration of Rights, and by the laws of the Commonwealth, including, but not limited to:

A.    Freedom from cruel and unusual punishment;

B.    Freedom from intimidation;

C.    Freedom from retaliation for filing grievances and reporting the tampering with legal and personal mail; and

D.    The right to engage in speech which does not threaten any legitimate penological interest.

53.    As a direct and proximate cause of defendants' actions, the plaintiff suffered injuries as are described above.

## COUNT VI: ASSAULT AND BATTERY

54.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 53 above.

55. Defendants McParlin and Gariepy committed assault and battery upon the plaintiff.

56. As a direct and proximate result of these actions by the defendants, plaintiff suffered injuries as described above.

## COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff incorporates and realleges the allegations in paragraphs 1 through 56 above.

58. Defendants McParlin, Gariepy and Petersen behaved outrageously in intentionally battering the plaintiff and falsifying the incident report.

59. No civilized community tolerates such acts of summary punishment by correctional officers against helpless persons in their custody.

60. Defendants behaved intentionally and outrageously in inflicting pain, fear and humiliation upon the plaintiff.

61. As a direct and proximate result of these defendants' actions, the plaintiff suffered injuries described above.

WHEREFORE, plaintiff demands TRIAL BY JURY on all issues so triable in this action, and further demands JUDGMENT against the defendants as follows:

I.    For compensatory damages;

II.   For punitive damages;

III.  For reasonable attorneys' fees, together with costs and disbursements

11

pursuant to 42 U.S.C. §1988 and M.G.L. c. 12, §11I; and

IV.   For such other and further relief as this Court deems just and proper under

the circumstances.

RESPECTFULLY SUBMITTED,
IN PROPRIA PERSONA,

VERIFICATION

SIGNED AND MAILED UNDER THE
PAINS AND PENALTIES OF PERJURY
THIS 25th DAY OF NOVEMBER, 2004.

Michael Jon Simpson

MICHAEL JON SIMPSON
#W-56706; P.O. BOX 100
M.C.I. - CEDAR JUNCTION
WALPOLE, MASSACHUSETTS
02071 - 0100

✳ ENCLOSED : 7 (SEVEN) PAGES OF GRIEVANCES
(No.s : 01-554; 04-3120; 04-3122), APPEALS
FROM GRIEVANCE DENIALS, AND LETTERS OF
WARDENS, AS TO HAVING EXHAUSTED AVAILABLE
ADMINISTRATIVE REMEDIES.

✳ ALSO ENCLOSED: • CIVIL COVER SHEET (JS-44)
                  • CIVIL CATEGORY FORM
                  • I.F.P. FORM (AO 240)
                  • PRISONER'S STATEMENT OF ACCOUNT

12

# COMMONWEALTH OF MASSACHUSETTS

## DEPARTMENT OF CORRECTION

### INMATE GRIEVANCE FORM

### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | | |
|---|---|---|---|---|---|
| **Name** | SIMPSON MICHAEL J | | **Grievance#** 3120 | **Institution** | MCI CEDAR JUNCTION |
| **Commit No.** | W56706 | **Housing** | TEN BLOCK | **Date Of Incident** 20011127 | **Date Of Grievance** 20040313 |

**Complaint** Conspiracy to commit assault and battery and falsifying reports, against me, by Sgt. Scot Petersen, as set forth in attached complaint; was never adequately investigated as is required.  See attached 12 pages.

**Remedy Requested** The relief set forth in attached complaint and an investigation of said incident - that originally would have revealed Petersen's involvement and role; and administrative exhaustion.

**Staff Recipient** Aucoin Ann Marie   CO I

**Staff Involved** Petersen Scott E   CO II

**Signature** _____

---

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20040317    **Decision Date** 20040318

**Signature** Aucoin Ann Marie   CO I

**Final Decision** DENIED

**Decision** Due to the nature of your allegations, this grievance has been forwarded to the Superintendent's Office for review.

**Signature** *Ann Marie Aucoin*    **Date** 3/18/04

---

## INMATE RECEIPT

| | | | |
|---|---|---|---|
| **Name** | SIMPSON MICHAEL J | **Institution** | MCI CEDAR JUNCTION |
| **Commit No.** | W56706 | **Date Received** | 20040317 |

**Signature.** Aucoin Ann Marie   CO I

RECEIVED:
SATURDAY,
03/20/04.

― M.J.S.

ATTACHMENT "C"

## DEPARTMENT OF CORRECTION
## INSTITUTION APPEAL FORM
## FORWARD TO THE INSTITUTIONAL SUPERINTENDENT

### SECTION A

NAME: MICHAEL JON SIMPSON    INSTITUTION: M.C.I. – WALPOLE

NUMBER: W-56706    HOUSING UNIT: TEN BLOCK-53    DATE OF INCIDENT: 11/27/01

APPEAL: I APPEAL THE DENIAL OF GRIEVANCE No.: 04-3120,

AS TO CONSPIRACY TO COMMIT ASSAULT AND BATTERY AND FALSIFIED

REPORTS, COMMITTED AGAINST ME, BY SGT. SCOTT PETERSEN; SEE:
(ATTACH ADDITIONAL PAGE IF NECESSARY) ATTACHED 12 PAGE COMPLAINT.

REMEDY
REQUESTED: THE RELIEF SET FORTH IN MY ATTACHED COMPLAINT,
AND THAT A MEANINGFUL AND PROPER INVESTIGATION BE CONDUCTED
PURSUANT TO: M.G.L.c.127 § 38E et.seq. AND REQUIREMENTS OF: 103 CMR 491.10.

INMATE SIGNATURE: Michael Jon Simpson    DATE: 03/22/04

STAFF RECIPIENT:_____    DATE:_____

DATE RECEIVED:_____
--------------------------------------------------------------------

### SECTION B

ASSIGNED GRIEVANCE NUMBER: 04 – 3120

ASSIGNED INSTITUTION APPEAL NUMBER:_____

DECISION RENDERED:    _____APPROVED
                      _____DENIED

SUMMARY OF FINDINGS:
_____
_____
_____
_____
_____
_____

SUPERINTENDENT'S
SIGNATURE:_____    DATE:_____

### SECTION C

#### INMATE APPEAL RECEIPT

INMATE NAME: MICHAEL JON SIMPSON; W-56706    TEN BLOCK    INSTITUTION: WALPOLE

NUMBER:_____    DATE RECEIVED:_____

RECEIPTING STAFF:_____    TITLE:_____

SERGEANT SCOTT PETERSEN
A.&B. CONSPIRACY/FALSIFIED REPORTS

01/05/01                                    491 - 14

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
#### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | |
|---|---|---|---|---|
| **Name** | SIMPSON MICHAEL J | **Grievance#** 3122 | **Institution** | MCI CEDAR JUNCTION |

**Commit No.** W56706    **Housing** TEN BLOCK    **Date Of Incident** 20011127    **Date Of Grievance** 20040313

**Complaint** Assault and Battery by Means of a Dangerous Weapon and mayhem, committed against me by Lt. Peter Gariepy, as set forth in attached complaint; was never adequately investigated as is required (see attached 12 page complaint).

**Remedy Requested** The relief set forth in attached complaint; and an investigation of said incident - that originally would have yield Gariepy's involvement and name; and administrative exhaustion.

**Staff Recipient** Aucoin Ann Marie    CO I

**Staff Involved** Gariepy Peter S    CO I

**Signature**

- - -

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20040317    **Decision Date** 20040318

**Signature** Aucoin Ann Marie    CO I

**Final Decision** DENIED

**Decision** Due to the nature of your allegations, this grievance has been forwarded to the Superintendent's Office for review.

**Signature** *Ann Marie Aucoin*    **Date** 3/18/04

- - -

## INMATE RECEIPT

**Name** SIMPSON MICHAEL J    **Institution** MCI CEDAR JUNCTION

**Commit No.** W56706    **Date Received** 20040317

**Signature.** Aucoin Ann Marie    CO I

> RECEIVED:
> SATURDAY,
> 03/20/04.
> —M.J.S.

ATTACHMENT "C"

## DEPARTMENT OF CORRECTION
## INSTITUTION APPEAL FORM
## FORWARD TO THE INSTITUTIONAL SUPERINTENDENT

### SECTION A

NAME: MICHAEL JON SIMPSON   INSTITUTION: M.C.I. - WALPOLE

NUMBER: W - 56706   HOUSING UNIT: TEN BLOCK - 53   DATE OF INCIDENT: 11/27/01

APPEAL: I APPEAL THE DENIAL OF GRIEVANCE No.: 04 - 3122,

AS TO ASSAULT AND BATTERY BY MEANS OF A DANGEROUS

WEAPON, COMMITTED AGAINST ME, BY LT. PETER GARIEPY ; SEE:
(ATTACH ADDITIONAL PAGE IF NECESSARY) ATTACHED 12 PAGE COMPLAINT.

REMEDY
REQUESTED: (EQUITABLE) RELIEF SET FORTH IN MY ATTACHED COMPLAINT
AND MONETARY DAMAGES ; AND A PROPER INVESTIGATION PURSUANT
TO M.G.L. c. 127 §38E et. seq. , AND REQUIREMENTS OF 103 CMR 491.10 etc. ,

INMATE SIGNATURE: Michael Jon Simpson   DATE: 03/22/04

STAFF RECIPIENT:_____  DATE:_____

DATE RECEIVED:_____

### SECTION B

ASSIGNED GRIEVANCE NUMBER: 04 - 3122

ASSIGNED INSTITUTION APPEAL NUMBER:_____

DECISION RENDERED:      ____APPROVED
                        ____DENIED

SUMMARY OF FINDINGS:
_____
_____
_____
_____
_____
_____

SUPERINTENDENT'S
SIGNATURE:_____  DATE:_____

### SECTION C

#### INMATE APPEAL RECEIPT

INMATE NAME: MICHAEL JON SIMPSON ; W-56706   TEN BLOCK   INSTITUTION: WALPOLE

NUMBER:_____  DATE RECEIVED:_____

RECEIPTING STAFF:_____  TITLE:_____

LIEUTENANT PETER GARIEPY
A.+B W/D.W. AND MAYHEM.

01/05/01

491 - 14





**Mitt Romney**
*Governor*

**Kerry Healey**
*Lieutenant Governor*

**Edward A. Flynn**
*Secretary*

*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*

*Department of Correction*
*M.C.I. Cedar Junction   at Walpole*
*P.O. Box 100*
*South Walpole, Massachusetts  02071*

*Tel: (508) 660-8000   Fax: (508) 660-8009*
*www.mass.gov/doc*

**Kathleen M. Dennehy**
*Commissioner*

**James Bender**
*Acting Deputy Commissioner*

**David Nolan**
*Superintendent*

April 26, 2004

Michael Simpson W-56706
MCI-Cedar Junction
Ten Block



RECEIVED:
THURSDAY,
04/29/04.
— M.J.Z.

Dear Mr. Simpson:

Grievances #3120, 3121 and 3122 were referred to me due to the nature of your complaint.  Within Grievance #3120, you allege that Sgt. Scott Petersen conspired to commit assault and battery and falsified reports; Within Grievance #3121 you allege mail theft by DOC staff who has been threatening and attempting to intimidate you.  You further allege that this is due to a lawsuit that you filed against Officer James McParlin.  Within Grievance #3122 you allege that C.O. Peter Gariepy conspired to commit assault and battery by means of a dangerous weapon.

Please be advised that all of these issues have been looked into and your allegations have been unsubstantiated.

Sincerely,

David Nolan
Superintendent

cc.    Mark Reilly, Chief of Investigations
       Ann Marie Aucoin, IGC
       File (SA04-0060)

ATTACHMENT "A"

DEPARTMENT OF CORRECTION
INMATE GRIEVANCE FORM
FORWARD TO THE INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

SECTION "A"

NAME: MICHAEL JON SIMPSON    INSTITUTION: M.C.1. - WALPOLE

NUMBER: W-56706    HOUSING UNIT: TEN BLOCK - 31    DATE OF INCIDENT: 11/27/01

COMPLAINT: I WAS ATTACKED AND SEVERELY BEATEN ON ABOVE DATE

BY C.O. JAMES McPARLIN BECAUSE I REPORTED HIM TO SGT. PETERSEN

AND U.M. DALE BISSONETTE FOR DELAYING, STEALING, OPENING AND READING
(ATTACH ADDITIONAL PAGE IF NECESSARY) BOTH MY PERSONAL AND LEGAL MAIL.

REMEDY
REQUESTED: THAT CRIMINAL AND CIVIL RIGHTS CHARGES/ VIOLATIONS BE
BROUGHT AGAINST C.O. McPARLIN — AND THAT HE BE RESTRAINED
FROM ANY AND ALL CONTACT WITH ME AND MY PERSONAL PROPERTY/MAIL.

INMATE SIGNATURE: Michael Jon Simpson    DATE: 12/10/01

STAFF RECIPIENT: _____    DATE: 12/11/01

DATE RECEIVED: 12/11/01

------------------------------------------------

SECTION "B"

ASSIGNED GRIEVANCE NUMBER: 01-554

DECISION RENDERED: _____ APPROVED
                   _____ DENIED

SUMMARY OF FINDINGS: Please be advised that this grievance
has been forwarded to the superintendent's office
for Investigation. When the investigation has
concluded you will be notified.

IGC SIGNATURE: _____    DATE: 12/11/01
(FORWARD TO THE SUPERINTENDENT WITH 10 DAYS OF IGC'S DECISION.)

DEC11'01    7:17 RCVD

DEC11'01 PM 7:17 RCVD



*The Commonwealth of Massachusetts*

*Executive Office of Public Safety*

*Department of Correction*

*M.C.I. Cedar Junction at Walpole*

*P.O. Box 100*

*South Walpole, Massachusetts 02071*

*Tel: (617) 727-1684 Fax: (617) 727-6571*

*www.mass.gov/doc*

**Mitt Romney**
Governor

**Kerry Healey**
Lieutenant Governor

**Edward A. Flynn**
Secretary

**Michael T. Maloney**
Commissioner

**Kathleen M. Dennehy**
Deputy Commissioner

**Peter E. Allen**
Superintendent

March 13, 2003



Michael Simpson, W-56706
MCI-Cedar Junction
AA Unit

Dear Mr. Simpson:

I am in receipt of your correspondence dated March 10, 2003 in which you request the results of the investigation concerning allegations you made that C.O. McParlin assaulted you on November 27, 2001 (Grievance #01-554).

On November 27, 2001, a use of force was initiated in the Modular Unit due to your actions and to prevent *your* assault of C.O. McParlin. You were subsequently issued a disciplinary report for your actions. This matter was looked into and the Use of Force package was reviewed. There was no evidence to substantiate your claims and the use of force was in accordance with 103 CMR 505.

Sincerely,

Peter Allen
Superintendent

cc.    file

Printed on Recycled Paper