UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL JON SIMPSON,

    Plaintiff,

v.

Correctional Officer
JAMES MCPARLIN,
Lieutenant PETER GARIEPY, and
Sergeant SCOTT PETERSEN,

    Defendants.

C.A. No. 04-12574-MEL

## MEMORANDUM AND ORDER

LASKER, Senior District Judge

Before the Court is the application of plaintiff Michael Jon Simpson to proceed without prepayment of the $150.00 fee required to file his lawsuit. For the reasons stated below, the Court dismisses Simpson's complaint and denies as moot his application to proceed without prepayment of the filing fee.

## BACKGROUND

Simpson is currently incarcerated at Cedar Junction, a Massachusetts correctional institution located in Walpole, Massachusetts ("MCI Cedar Junction"). On December 3, 2004, Simpson, proceeding pro se, filed with this Court a complaint in which he alleges that in 2001, the defendants, all of whom apparently work at MCI Cedar Junction, violated Simpson's civil rights and other rights by (1) wrongfully withholding

his mail; and (2) assaulting Simpson when he complained about the withholding of his mail. Simpson also filed an application to proceed on his complaint without prepayment of the $150.00 filing fee.

The first page of Simpson's complaint, hand-written, purports to invoke the jurisdiction of this Court under the removal provisions of 28 U.S.C. § 1446. Simpson asks that the Court "accept his civil action for filing, due to conspiracy and intrinsic and extrinsic fraud in denying him his remedy at law, in the state court below." Compl. at 1. Simpson verifies that the twelve-paged document, a neatly-typed complaint organized in paragraphs and containing seven claims for relief, attached to the hand-written page is "the original complaint, filed in the state court below." Id.[1] Simpson does not allege that his state court proceedings have been terminated.[2] He also does not provide any factual allegations

---

[1] Although Simpson partially blacked out the name of the state court originally in the caption of the first page of the typed complaint, one can still discern the words "Norfolk, SS" and "Norfolk Superior Court." The Court has verified that the typed complaint Simpson submitted to this Court was filed in Norfolk Superior Court on November 7, 2002. See Simpson v. McParlin Correctional Officer et al., CV No. 2002-01871 (Norfolk Sup. Ct., Mass.).

[2] The docket of Simpson's state court proceeding indicates that his case is still active (although it appears that Gariepy and Peterson were dismissed as defendants on June 10, 2003). According to the docket, on February 9, 2004,

supporting his conclusory allegations of fraud and conspiracy.

DISCUSSION

I. <u>The Court's Authority to Screen Simpson's Complaint</u>

When a plaintiff seeks to file a complaint without prepayment of the filing fee, a summons does not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of 28 U.S.C. § 1915. Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening. Both § 1915 and § 1915A authorize federal courts to dismiss complaints <u>sua sponte</u> if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>see</u> <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 37 (1st Cir. 2001) (citations omitted) (<u>sua sponte</u> dismissal appropriate where allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption).

---

Simpson's attorney paid an annual litigation fee of $120.00. As of December 15, 2004, the most recent activity reported on the docket was a March 28, 2004 motion by Simpson to waive the annual litigation fee (docket entry 29).

3

II.  The Merits of Simpson's Complaint

Simpson invokes the removal provisions of 28 U.S.C. § 1446 in an attempt to change the forum of his case from the Norfolk Superior Court to this Court.  Federal statutes regarding the removal of state proceedings to federal courts do not, however, provide the plaintiff with the option of initiating removal.  Section 1446 of Title 28 of the United States Code, cited by Simpson, applies only to "[a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court."  28 U.S.C. § 1446(a) (emphasis added).  Similarly, 28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States."  28 U.S.C. § 1441(a) (emphasis added).  Neither § 1446(a) nor § 1441(a) allow removal by the plaintiff.  For this reason, the Court orders that Simpson's case be dismissed.[3]

---

[3] Moreover, Simpson's complaint filed in this Court does not include claims for relief other than those he asserted in the case he has unsuccessfully sought to remove to this Court. To be sure, Simpson's reference to "conspiracy and intrinsic and extrinsic fraud in denying him his remedy at law, in the state court below," Compl. at 1, is unique to his federal court pleadings.  The Court, however, may only speculate that the factual predicate for this bare allegation might form the basis of an additional claim for relief, such a claim for the denial of the constitutional right to access to the courts.

4

CONCLUSION

ACCORDINGLY, the Court DISMISSES Simpson's case without prejudice and DENIES AS MOOT his application to proceed without prepayment of the filing fee.

The Clerk shall send a copy of this Memorandum and Order to the Norfolk Superior Court.

SO ORDERED.

Dated at Boston, Massachusetts, this __22__ day of __December__, 2004.

                                            /s/ Morris E. Lasker
                                            UNITED STATES DISTRICT JUDGE

---

See Christopher v. Harbury, 536 U.S. 403, 413-15 (2002)(setting for the requirements for stating a claim for the denial of access to the courts).  Further, the pleadings Simpson filed in this Court do not evince any intent on his part to seek relief for injuries other than those alleged in currently-pending state court proceedings.